United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-60061
_____

RANDALLS FOOD & DRUGS, INC., AND ITS SUCCESSORS,

Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION;
ELAINE CHAO, SECRETARY, DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review:
Occupational Safety & Health Review Commission
Cause No. 02-1398

_____

Before WIENER and PRADO, Circuit Judges, and KINKEADE,[1] District

Judge.

PER CURIAM.[2]

In this appeal, the petitioner, Randalls Food & Drugs, Inc.

(Randalls), asks this court to review and set aside the

administrative law judge's (ALJ) order affirming two citations

issued by the appellee, the Occupational Safety and Health

Administration (OSHA).  OSHA cited Randalls for violating section

---

[1] District Judge of the Northern District of Texas, sitting
by designation.

[2] Pursuant to 5TH CIRCUIT RULE 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

1910.119 of OSHA's Process Safety Management Standard because its written operating procedures do not address the conditions for emergency shutdown of Randalls's refrigeration system or the steps necessary to correct or avoid operating deviations. The ALJ determined that Randalls's operating procedures were deficient because the procedures do not clearly assign the duty of shutting down the refrigeration system, do not address the conditions for shutting down the system, and do not address the steps required to correct or avoid operating deviations.

This court reviews the ALJ's findings of fact under a substantial evidence standard, affording deference to the ALJ's determination upon hearing the evidence.[3] This court is "bound by the ALJ's findings of fact, including his judgments of credibility supporting those facts, if they are supported by substantial evidence on the record considered as a whole."[4] The court can overturn the ALJ's conclusions of law only if those conclusions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[5]

Randalls challenges the ALJ's finding that its operating

---

[3]*See* 29 U.S.C. § 655(f); *Cleveland Consol., Inc. v. Occupational Safety and Health Review Comm'n*, 649 F.2d 1160, 1167 (5th Cir. 1981).

[4]*Cleveland Consol.*, 649 F.2d at 1167.

[5]*Trinity Marine Nashville, Inc. v. Occupational Safety and Health Review Comm'n*, 275 F.3d 423, 426-27 (5th Cir. 2001).

procedures do not assign the duty of pressing the manual shutdown button. The operating procedures provide substantial evidence to support this finding. Nothing in the shutdown procedures specifically assigns the responsibility for shutting down the system. Even if any one of Randalls's employees is permitted to shut the system down, the shutdown procedures simply do not indicate that fact.

Randalls also challenges the ALJ's finding that the operating procedures do not address the conditions indicating when the refrigeration system must be shut down. The operating procedures provide substantial evidence to support this finding. The procedures do not explain the conditions under which shutdown is required. Although the procedures suggest that a major leak, extremely high discharge pressure, and no running water may warrant an emergency shutdown, the procedures do not explain what constitutes a major leak or extremely high discharge pressure. Even if Randalls's automated control system will shut the refrigeration system down under conditions specified in the technical operating procedures for the control system, the shutdown procedures do not include this explanation. Because the shutdown procedures do not address the conditions under which emergency shutdown is required and do not assign shutdown responsibility to qualified operators, the ALJ's conclusion that Randalls's operating procedures are deficient is not "arbitrary, capricious, an abuse of discretion, or otherwise not in

3

accordance with the law."[6]

Randalls similarly challenges the ALJ's finding that its written procedures do not address the steps required to correct or avoid operating deviations. Randalls's written procedures provide substantial evidence to support this finding. The procedures simply omit any discussion about operating limits. Although Randalls insists that no reason exists to reduce its operating standards to writing because its personnel are trained to operate the refrigeration system, section 1910.119 nevertheless requires Randalls to write down the steps required to correct or avoid deviations. Randalls has not done that. Because Randalls's procedures do not address the steps required to correct or avoid deviations, the ALJ's conclusion that Randalls's operating procedures are deficient is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[7] Consequently, the court DENIES the petition for review.

PETITION DENIED.

---

[6]*Trinity Marine Nashville*, 275 F.3d at 426-27.

[7]*Id.*